R. M. PARKS ET AL., TRUSTEES, Respondents, v. PHŒNIX INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, May 31, 1887.

INSURANCE, FIRE—WAIVER OF CONDITION.—The receipt, by an insurance company, of proofs of loss, regular in form, but which designate the policy by a wrong number, and its failure to respond to an inquiry as to whether such proofs are sufficient and satisfactory, is a waiver of the defect, if any.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Affirmed.*

NOBLE & ORRICK and PHILLIPS & STEWART, for the appellant.

EDWARD CUNNINGHAM, JR., with E. B. ADAMS, for the respondents.

LEWIS, P. J., delivered the opinion of the court.

The facts in this cause (with an exception hereinafter noted), and the points of law arising upon them, are substantially the same as in the case of the same plaintiffs against the Connecticut Insurance Company, in which an opinion is filed contemporaneously with this (*ante*, p. 511). The exception referred to relates to the proofs of loss.

It appears from the testimony that, in March, 1884, this defendant issued a policy upon the same property of Flippin, mentioned in the Connecticut Insurance Company's policy, providing that the loss, if any, should be paid to Lehman, Abraham & Company, as their interest might appear. This policy was numbered 1,180, and was soon afterwards cancelled. Another policy was then issued on the same property, and provided for payment of the loss, if any, to Meyer & Aronson, or order, as their interest might appear. This new policy was numbered 1,184. After the fire, papers purporting to be proofs of loss under policy 1,180 were forwarded by Flippin to the defendant, but no proofs were ever sent which purported to have been made under policy 1,184, on which this suit is founded. About two months after the fire, a letter was written to the defendant on behalf of the plaintiffs, as follows:

"ST. LOUIS, April 15, 1885.
"Phœnix Insurance Company, of Brooklyn,

"Care T. J. Burch, 164 Dearborn St., Chicago, Ill.
"Gentlemen:—

"I am informed by the attorneys of Martin V. Flippin, at Texarkana, Texas, that he has made and forwarded to you proofs of loss by fire at Texarkana, under your policy, number 1,184, which policy, as you have been informed by my previous notice and letters, is held

by R. M. Parks and others, trustees of the Mechanics'
Bank. I have been unable to obtain copies or any def-
inite description of those proofs, or their contents, and,
as Mr. Flippin has heretofore assumed a position hostile
to my clients, I am desirous of knowing what sort of
proofs he has made, and, of course, if you find them sat-
isfactory. I should be greatly obliged to you if, at my
cost, you would furnish me with a copy of the proofs
that have been received by you. If, however, you do
not see fit to take that trouble, I will ask you, so soon
as those proofs have been examined, to inform me
whether they are satisfactory ; if not so, in what respect
they are unsatisfactory. I should not call upon you for
the favor of furnishing me copies, if I could obtain them
from Flippin, but having requested them from his attor-
neys, and having no reply, I fear I can only obtain them
through you.

"Yours truly,

"[Signed]     EDWARD CUNNINGHAM, JR.,

"Attorney for R. M. Parks *et al.*, Trustees."

It does not appear from the testimony what, if any,
answer to this letter, was ever received by the plain-
tiffs. The court instructed in this connection as fol-
lows :

"2*b*.    The court declares the law to be, that if the
plaintiffs, by their attorney, wrote, and sent to the de-
fendant the letter read in evidence of February 21, 1885 ;
and if the defendant received the same ; and if, on said
twenty-first day of February, 1885, and thereafter,
Charles E. Beard was the general agent of the defend-
ant, attending to, and managing, its insurance business in
Texarkana, Texas ; and if, within two or three days after
the fire, on February 21, 1885, the said Beard, being the
agent of the defendant, as aforesaid, notified and informed
Flippin, the insured in the policy in suit, that his said
policy had been cancelled ; and if, at about that time,
said Flippin suggested to said Beard that he would

write to the defendant concerning his insurance ; and if, thereupon, the said Beard, being the agent of the defendant, as aforesaid, told said Flippin that his policy had been cancelled ; and if the defendant, prior to April 10, 1885, had received proofs of loss, or what purported to be proofs of loss, occasioned by the fire of the twenty-first of February, 1885, in Flippin's building, insured by the policy in suit, and if the defendant made no objection thereto ; and if, thereafter, the defendant received the letter of Edward Cunningham, Jr., as attorney for the plaintiffs, dated April 15, 1885, and made no response thereto, then the defendant thereby, so far as these plaintiffs are concerned, waived any further or different proofs of loss under the policy sued on ; and the fact that no further or different proofs were furnished constitutes no defence to this action.''

It does not appear that the defendant was, in any way, prejudiced by this ruling. The policy required that, in the event of a loss by fire, the company should be informed of the fact, with certain particulars, and under certain limitations, but contained no stipulation for an exact designation of the policy, by number or otherwise. The company had full knowledge of its insurance undertaking with reference to the property described in the proofs. The number or other designation of its policy was wholly immaterial to any question of its liabilities or immunities in connection therewith, and a wrong designation might easily be understood to have resulted from a harmless clerical error. It is not shown that there was any other defect in the proofs tendered. We think that the instruction was proper, and that the defendant can make no just complaint of its application to the conclusion reached by the trial court.

For these reasons, together with those set forth by us more fully in the case of the Connecticut Insurance Company, the judgment in this cause is affirmed, with the concurrence of all the judges.